IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02774-GPG

LINDSAY T. HARDING,

    Applicant,

v.

RICHARD F. RAEMISCH; and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

## ORDER TO FILE PRE-ANSWER RESPONSE

Applicant, Lindsay T. Harding, is a prisoner in the custody of the Colorado Department of Corrections, and is currently incarcerated in Buena Vista, Colorado. On December 21, 2015, Mr. Harding filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He has paid the $5.00 filing fee.  (ECF No. 7).

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, the Court has determined that a limited Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing any jurisdictional issues, as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response.  Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in

response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant should include any information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.   Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order.   It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

Dated January 25, 2016, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Gordon P. Gallagher
                                        United States Magistrate Judge