IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02774-GPG

LINDSAY T. HARDING,

    Applicant,

v.

RICHARD F. RAEMISCH, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Lindsay T. Harding, is a prisoner in the custody of the Colorado Department of Corrections (CDOC).   On December 21, 2015, he filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).

    In the Application, Mr. Harding states that he is challenging the validity of his conviction and sentence imposed on September 9, 2008, in Case 07M3131 in the County Court of Douglas County, Colorado, for attempted unlawful sexual contact, in violation of COLO. REV. STAT. § 18-3-404(1.7).   (ECF No. 1 at 1-2).   Applicant states that he was sentenced to 300 days of confinement plus time served.   (*Id.* at 2).   The Application also reflects that Mr. Harding is currently serving a sentence imposed in Douglas County Case No. 09CR1352.

    On December 23, 2015, Magistrate Judge Gallagher reviewed the § 2254 Application and determined that it raised an issue about this Court's federal habeas jurisdiction.   (ECF No. 4).   To petition a federal court for habeas relief from a state court

conviction, an applicant must be "in custody" under the challenged conviction or sentence at the time his habeas petition is filed. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The "in custody" requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 847-48 (10th Cir. 2009).   Accordingly, Magistrate Judge Gallagher directed Mr. Harding to show cause, in writing, within 30 days, why the § 2254 Application should not be dismissed for lack of subject matter jurisdiction because the sentence on his 2008 misdemeanor conviction had expired.   (ECF No. 4).

Mr. Harding filed a response to the Order to Show Cause on January 9, 2016, in which he states that his sentence in the 2009 case was to run consecutively to the sentence imposed in the 2008 case.   (ECF No. 5 at 2-3).   Because it was unclear whether Applicant had satisfied the "in custody" requirement, Magistrate Judge Gallagher entered an Order on January 25, 2016, directing Respondents to file a Pre-Answer Response, within 30 days, addressing any jurisdictional issues, as well as the timeliness of the Application and exhaustion of state court remedies.   (ECF No. 8).   Respondents filed a Pre-Answer Response on February 12, 2016.   (ECF No. 11).

In the Pre-Answer Response, Respondents assert that the Court lacks jurisdiction over the Application because Applicant was not "in custody" on the 2008 sentence at the time the Application was filed.   Respondents argue, in the alternative, that the Application is untimely and that Mr. Harding failed to exhaust his available state court remedies before seeking federal habeas relief, and, therefore has committed an anticipatory procedural default.

Applicant filed a Reply to the Pre-Answer Response on March 24, 2016.

The Court construes Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action.

## I. Background and State Court Proceedings

Following a trial in Douglas County, County Court, Case No. 07M3131, Applicant was found guilty of the misdemeanor offense of attempt to commit unlawful sexual contact. (ECF No. 1 at 16). The County Court for Douglas County sentenced Applicant to a 24-month term of probation, but stayed the sentence during his appeal. (ECF No. 11-1 at 3, 13). The Douglas County District Court, serving as the appellate court, affirmed Applicant's judgment of conviction on August 5, 2009. (ECF No. 1 at 15-19). Applicant did not appeal to the Colorado Supreme Court.

On November 10, 2009, the probation department filed a complaint to revoke probation in Case No. 07M3131. (ECF No. 11-1 at 11). On May 14, 2010, the state court revoked probation, sentenced Applicant to 339 days in jail, gave him credit for time served, and closed the case. (*Id.* at 3-5, 9-10).

On June 22, 2010, Applicant was sentenced in Arapahoe County District Court Case 09CR1352 to an indeterminate prison term of 72-years-to-life for multiple convictions of sexual assault on a child by one in a position of trust and aggravated incest. (ECF No. 11-2, at 1-8, 12-13).

On December 21, 2015, Mr. Harding filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). In the Application, he claims that his

due process rights were violated when he was charged and convicted of a crime that he did not commit and that his conviction was not supported by proof beyond a reasonable doubt.

## II. Jurisdictional Analysis

Respondents argue that the Court lacks jurisdiction over the § 2254 Application because Mr. Harding's sentence has already expired for the conviction that he challenges.   See *Maleng*, 490 U.S. at 492.

In *Lackawanna County Dist. Attorney v. Coss*, 532, U.S. 394, 401-02 (2001), the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right," a habeas petitioner "generally may not challenge," on the ground that the expired conviction was unconstitutionally obtained, a later sentence that was enhanced by that expired conviction.   532 U.S. at 403-04.   The *Lackawanna* Court recognized an exception to this general rule, for "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."   *Id.* at 404 (additional citation omitted).   In addition, a plurality of the Court recognized an exception for cases in which a petitioner has, through no fault of his own, no means of obtaining "timely review of a constitutional claim." *Id.* at 405.

In the Application, Mr. Harding challenges the validity of his state court misdemeanor conviction in Case No. 07M3131.   However, the sentence imposed in Case No. 07M3131 expired on May 14, 2010, when the trial court revoked his probation, sentenced him to 339 days in jail, gave him credit for time served, and closed the case.

As such, Applicant was no longer in custody for the conviction in Case No. 07M3131 at the time he filed his § 2254 Application challenging that conviction.  Further, there is nothing in the §2254 Application, or in Mr. Harding's other filings, to indicate that he is also challenging his current sentence in Case No. 09CR1352.  Indeed, he states that his petition for certiorari review was granted by the Colorado Supreme Court in the 2009 case and it appears that the petition remains pending.  *See People v. Harding*, 2014 WL 16668843 (April 28, 2014) (granting petition for writ of certiorari).

Although the Court construes Mr. Harding's *pro se* allegations liberally, a statement of intent to challenge a current sentence must be explicit.  *See Neiberger v. Rudek*, No. 11-5101, 450 Fed. Appx. 719, 725 (10th Cir. Dec. 6, 2011) (unpublished) (§ 2254 petition could not fairly be read to assert challenge to later sentence where petitioner failed to identify later criminal sentence or make a particularized argument that the later sentence was enhanced by the earlier convictions).  Because Mr. Harding does not allege that the misdemeanor conviction he challenges in this habeas proceeding was used to enhance his later sentence for numerous felony sexual assaults, he has not given the Court "any basis for determining that his current sentence is a sentence that has been enhanced by his [earlier] conviction."  *Id. Cf. McCormick*, 572 F.3d at 852 (petition could fairly be read to assert challenge to later sentence where "footnote asserting that because the 2001 convictions were 'used to "enhance"' the 2004 sentence, 'this petition is filed in part to attack that "enhancement"'") (emphasis added)).

The Court finds that Mr. Harding was not "in custody" on the conviction imposed in Case No. 07M3131 at the time he filed the § 2254 Application.  Consequently, the action will be dismissed for lack of jurisdiction.  The Court does not reach the Respondents'

procedural defenses concerning timeliness and failure to exhaust state court remedies/procedural default.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed on December 21, 2015, filed *pro se* by Lindsay T. Harding is DENIED for lack of jurisdiction.   It is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Harding has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the underlying claims have constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harding files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   It is

FURTHER ORDERED that the Motion for Sanctions Against John J. Fuerst III Pursuant to Fed. R. Civ. P. 11(b) is DENIED.   Mr. Harding received a copy of the Pre-Answer Response on March 1, 2016 and was thereafter afforded until April 4, 2016 to file a Reply.

DATED April 26, 2016, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court